IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Antonio Rojas Rodriguez, Cristal Carreno, and Alan Velasquez, on behalf of themselves and others similarly situated, | ) Civil Action No.: 2:15-2317-BHH ) ) ) ) |
| Plaintiffs, | ) ) **ORDER AND OPINION** |
| vs. | ) ) |
| John L. Finan, in his official capacity as Chairman, South Carolina Commission on Higher Education; et al. | ) ) ) ) ) |
| Defendants. | ) |

This matter is before the Court on the plaintiffs' motion for preliminary injunction, filed June 12, 2015. (ECF No. 9.) With plaintiffs' consent, the Defendant members and Interim Executive Director of the South Carolina Commission on Higher Education ("CHE Defendants") moved for an extension to respond to the plaintiffs' motion for preliminary injunction. The CHE Defendants filed their response, on July 13, 2015. (ECF Nos. 45, 46.) The plaintiffs filed a reply, on July 23, 2015. (ECF Nos. 52, 53.) Pursuant to a joint motion filed by the parties (ECF No. 49), the Court initially set a telephonic status hearing in this matter for July 28, 2015. (ECF No. 51.) This hearing was changed to an in-person hearing set for the same date. (ECF No. 54.) At the request of counsel for the CHE Defendants and for a conflict (ECF No. 57), the hearing was canceled, on July 27, 2015. (ECF No. 60.) Plaintiff Cristal Carreno, however, faces a deadline of August 14, 2015, to pay fall tuition (see ECF No. 9-1) and, therefore, moved for emergency hearing, on August 11, 2015 (ECF No. 66). A hearing was held, today, August 13, 2015. The plaintiffs were asked to supplement the record with respect to the CHE Defendants' authority and involvement

relative to the residency determinations at issue in this case. They timely and courteously complied. (ECF No. 73.)

## Background

The Plaintiff Cristal Carreno is a United States citizen, and was born in California in 1995. She is nineteen years old and has resided continuously with her parents in South Carolina, upon whom she is dependent, for approximately nineteen years. (Carreno Decl. ¶¶ 1-2.) Carreno has a South Carolina driver's license. *Id*. She graduated from Chapman High School in Inman, South Carolina, in 2013, with a grade point average of 3.94, putting her in the top five percent of her graduating class. *Id.* ¶ 3. This spring, Carreno completed her sophomore year at Converse College, a private college in Spartanburg, South Carolina, where she is a dual major in Biology and Spanish. *Id.* ¶ 4.

Although she qualifies for the LIFE Scholarship and LIFE Scholarship Enhancement, which are state-funded merit based awards *see* S.C. Code § 59-150-10 *et seq.*, Carreno has been allegedly denied these academic merit scholarships by Converse because she has been classified as a "non-resident" of South Carolina due to her inability to show that her parents are U.S. citizens or have lawful immigration status. *Id.* ¶¶ 5-8. This classification as a non-resident has also resulted in the denial of South Carolina need-based grants for which Correno qualifies. *Id.* The denial of scholarship and aid money has resulted in tremendous hardship to Correno, and at many points, she has faced the real possibility of having to withdraw from college. *Id.* ¶ 9. Because of the continued denial of the state academic merit scholarship and need-based aid, Correno has represented that she is unsure of how she will pay her third year's tuition. *Id.* ¶¶ 10-12. Although she has borrowed from family members in the past, she indicates that she does

2

not have that option for next year's tuition payment. *Id.* ¶ 10.

The plaintiffs contend that the CHE, through its member defendants in this case, along with colleges and universities within the State have concluded that dependent students who otherwise reside and are domiciled in the State but whose parents are not (i) citizens of the United States; (ii) lawful permanent residents, or (iii) immigrants in an authorized visa category are ineligible for in-state tuition or for academic merit scholarships and need-based grants that require South Carolina residency.

The plaintiffs have requested the following relief:

>  1. Enjoin the Commission on Higher Education (CHE) Defendants from denying Plaintiffs Antonio Rojas Rodriguez, Cristal Carreno, Alan Velasquez, and similarly-situated students the Palmetto Fellows, LIFE, and/or HOPE scholarships, as well as the SC Need-Based Grant and/or Lottery Tuition Assistance, based solely on their inability to provide proof of their parents' citizenship or immigration status.
>
>  2. Enjoin the CHE Defendants from requiring that dependent U.S. citizen students who reside in South Carolina provide proof of their parents' citizenship or immigration status for purposes of eligibility for in-state tuition, state scholarships, and state need-based financial aid.
>
>  3. Direct the CHE Defendants to immediately inform all colleges and universities in South Carolina that for purposes of determining the residency status of students as it relates to tuition, merit scholarships, and need-based grants, the colleges and universities may not inquire into the citizenship or immigration status of the parent(s) of the student.

(See Compl. at 23-24.)

**Discussion**

Although the motion for preliminary injunction is made on behalf of all three named plaintiffs, counsel has represented that Plaintiffs Antonio Rodriguez and Alan Velasquez are in discussions with Defendant Presidents McConnell and Thornley that might make unnecessary any equitable relief on their behalf. Accordingly, only the immediate tuition needs of Plaintiff Carreno are exigent and require consideration of any extraordinary intervention. Specifically, she has represented that her first tuition installment is due tomorrow. Moreover, the larger legal pronouncements plaintiffs beg are not essential to curing Carreno's very instant concern over money for school. The Court can be narrow, therefore, now, to address potential harm to her alone, while delaying for future consideration any more broadly effecting legal determinations.

Namely, Carreno presently asks for an order that would bar the Defendants from requiring that otherwise qualified dependent U.S. citizen children present proof of their parents' citizenship and immigration status to be classified as a South Carolina resident for purposes of available scholarships and from denying them in-state classification based solely on their inability to provide such information. She further asks that the CHE Defendants be directed to immediately inform all colleges and universities in South Carolina that they may not inquire into the citizenship or immigration status of the parent(s) of dependent students for purposes of in-state residency determinations. The Court may yet make such a directive, but not today.

Instead, the Court would limit its inquiry as to whether CHE should be mandatorily enjoined to do something, with urgency, respecting Converse College's specific and alleged prior determination that Carreno is not eligible as a resident to receive the LIFE Scholarship

and its Enhancement award. The Court would not make any broader decision, now, with respect to the CHE's obligation to provide the kind of statewide guidance to colleges on parental citizenship and immigration status inquiries.

The plaintiffs have not sued Converse College, the entity that allegedly concluded she was not a resident for purposes of the LIFE Scholarships.  They contend, however, that CHE has the authority to make and/or influence the residency determination and, therefore, are the proper party to enjoin.  CHE argues that by statute the authority lies exclusively at the institution level.  South Carolina Code Section 59-112-80 provides that "[e]ach State Institution shall designate an official to administer the provisions of this chapter." S.C. Code Ann. § 59-112-80.  Additionally, "[s]tudents making application to pay tuition and fees at in-state rates shall have the burden of proving to the satisfaction of the aforesaid officials of State Institutions that they have fulfilled the requirements of this chapter before they shall be permitted to pay tuition and fees at such rate." *Id.*  Similarly, the CHE regulations provide that "[i]nquiries regarding residency requirements and determinations should be directed to the institutional residency official." S.C. Reg. § 62-612(A).

At the Court's request, the plaintiffs have made supplemental showing of additional statutory authority that CHE is sufficiently involved with the administration of the residency determination for purposes of in-state tuition and scholarships such that they can be made to act here and now. (ECF No. 73.)  The Court has reviewed that submission and does not believe that the statutory authorities cited indicate that CHE plays an active role in the residency determination, although it need not fully reach the issue.

Truthfully, upon further reflection, the plaintiffs have not asked CHE to do something *ultra vires*.  They are explicitly not seeking an automatic determination by CHE of

entitlement to in-state tuition or state merit scholarships in usurpation of the institute's statutory role. They are simply asking that the CHE be made to give updated guidance on application of existing statute and regulation. As stated, they are asking that Converse, and every other college in the State, be informed that it should not ask or inquire concerning the immigration or citizenship status of an applicants parents.

But, the Court does not believe that an injunction is necessary to accomplish Carreno's immediate need concerning the start of school and the tuition deadline or that Converse needs to be so fully apprised at this point by the CHE, as requested. Instead, the CHE has already admitted, on brief and in open court, that the residency, immigration, or citizenship status of the parent or guardian is not dispositive of the residency determination for any particular applicant. Instead it has indicated that such status merely creates a rebuttable presumption that the applicant's residency is the same. The applicable regulation reads as follows:

> The resident status of a dependent person is based on the resident status of the person who provides more than half of the dependent person's support and claims or, only in the case of those individuals who are supported by family members who do not earn enough reportable income for taxation purposes, qualifies to claim the dependent person as a dependent for federal income tax purposes. Thus, the residence and domicile of a dependent person shall be presumed to be that of their parent, spouse, or guardian.

S.C. Code Ann. Regs. 62-603(B). In a kind of straw man strategy against their own interest, the plaintiffs insist on asserting that the statute on its face and in its application, does not include any such rebutability. They have argued this point as both a matter of evidence and statutory interpretation. But, the Court need not resolve it. Carreno's immediate needs can be cured with an affirmation that CHE's view of the regulation should

control, to her benefit.

Accordingly, the Court takes judicial notice of the below quoted admission of CHE and, hereby, concludes, giving deference to that agency's interpretation of its own regulation:

> South Carolina law only creates a presumption that a dependent student has the same residency as the parent on whom the student is dependent. That presumption, however, is rebuttable. The student is not "ineligible," as Plaintiffs assert. Rather, the student has the ability to present evidence to rebut that presumption and to prove his/her entitlement to South Carolina legal residency.

(CHE Mem. Opp. Mot. Prelim. Injunct. at 7.)  See *Goodman v. City of Columbia*, 458 S.E.2d 531 (1995) (stating the commission's decision interpreting its own regulations is given great deference); *Brown v. South Carolina Dep't of Health & Envtl. Control*, 560 S.E.2d 410 (2002) (recognizing the court generally gives deference to an administrative agency's interpretation of an applicable statute or its own regulation and will reject the agency's interpretation only when the plain language of the statute is contrary to that interpretation). This view was reiterated in open court.

According to the agency's own interpretation of Section 62-603, therefore, the residency, immigration, or citizenship status of the parent or guardian of an applicant is not dispositive of the residency determination for any particular applicant with respect to in-state tuition or applicable scholarships, including LIFE and its enhancement. In other words, simply because Carreno's parents may not be citizens of the United States, does not, in and of itself, mean that Carreno cannot qualify as a resident for purposes of the scholarship awards she seeks. To the

7

**extent Converse College has concluded that Carreno is disqualified for scholarship on the exclusive basis of her parents' immigration or citizenship status that decision has been made inconsistent with the CHE's view and interpretation of Regulation 62-603(B).**

Of course, the Court does not know precisely the decision Converse College has made or on what basis. Converse College is not a party to this lawsuit and the Court, neither of its own accord or by proxy through the CHE, can make that entity reevaluate its prior decision or come to a different conclusion, whatever that conclusion might have been. As indicated, the plaintiffs, themselves, have not asked for as much.  But, at hearing, counsel for the CHE qualifiedly admitted that based on the CHE's interpretation of the regulation and the rather plain facts of Carreno's status in this State for so many years, as the record currently reflected, it seems difficult to imagine that (a) a reevlauation of her application for LIFE awards would not be expeditiously reopened and (b) almost certainly granted. The Court joins that reasonable view.

## **CONCLUSION**

It is, therefore, ordered that the plaintiffs' motion is DENIED, in part, as to the limited grounds explained and addressed herein. The motion is denied because an injunction is unnecessary to provide the guidance the plaintiff seeks to give Converse College. The CHE's interpretation, as memorialized herein, is sufficient and may be presented as such to Converse on the plaintiff's behalf.

IT IS SO ORDERED.

s/Bruce Howe Hendricks<br>
United States District Judge

August 13, 2015
Greenville, South Carolina